**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JONATHAN ACOSTA,**

Petitioner,

v.

**WARDEN TIM MCCONAHAY,**

Respondent.

CASE NO. 1:24 CV 104

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

Petitioner Jonathan Acosta ("Petitioner), a prisoner in state custody, filed a counseled Petition and subsequent Amended Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Docs. 1, 3). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On May 26, 2026, Judge Knapp issued an R&R recommending the Amended Petition be denied and dismissed. (Doc. 14). Petitioner filed an Objection to the R&R. (Doc. 15).

The Court has jurisdiction over the Amended Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies and dismisses Petitioner's Amended Petition.

## BACKGROUND

This habeas case, originally filed on January 17, 2024, stems from Petitioner's 2015 state court conviction on charges of aggravated murder and offenses against a corpse. *See State v. Acosta*, 2022 WL 4373943 (Ohio Ct. App.). Petitioner's claims specifically relate to a 2022 Ohio appellate court decision reversing the state trial court's grant of Petitioner's motion to withdraw his guilty plea. *See id.*

In his Amended Petition, Petitioner raises four grounds for relief:

> **GROUND ONE**: A guilty plea does not preclude a claim of diminished culpability or newly discovered evidence.
>
> > Supporting Facts: The reviewing court did not weigh any evidence in the record arising out of the 32.1 hearing. It improperly limited its scope to the plea proceeding, and omitted review of the relevant motion to withdraw plea hearing, which was part of the record. The reviewing court failed to include the full record in its review, which included new evidence establishing a manifest injustice in the plea proceedings.
>
> **GROUND TWO:** The Appellate Court may not establish new hurdles not contemplated by the legislature in setting forth the criminal rules.
>
> > Supporting Facts: 1) the reviewing court attempted to proscribe the narrowest definition of "manifest injustice" instead of the common, ordinary, and accepted meaning[;] 2) trial courts are not permitted to impose additional hurdles on criminal defendants[;] 3) in applying a narrower definition of "manifest injustice" than was intended by the legislature, the trial court imposed an additional hurdle on Mr. Acosta.
>
> **GROUND THREE**: Where a plea is entered without understanding or knowledge that one's admitted conduct constituted a lesser offense that plea is not knowingly, intelligently or voluntarily made. []
>
> > Supporting Facts: [] The plea was not knowingly, intelligently, or voluntarily made because it relied on the false statement of another, which led Mr. Acosta to believe he would not prevail at trial.
>
> **GROUND FOUR:** The trial court did not abuse its discretion by looking outside the plea proceeding when granting Mr. Acosta's motion to withdraw his plea.
>
> > Supporting Facts: 1) the trial court considered newly discovered evidence that was not previously in the record[;] 2) the trial court relied on these newly discovered facts to grant Mr. Acosta's motion to withdraw his plea[;] 3) it was not [] arbitrary, unreasonable or unconscionable for the trial court to do so.

*See* Doc. 3, at 6-11 (citation modified).

In her R&R, Judge Knapp recommends the Court dismiss Grounds One and Two as not cognizable on federal habeas review, deny Ground Three of the Amended Petition on the merits,

and dismiss Ground Four as inadequately developed and waived, and/or not cognizable on federal habeas review. *See* Doc. 14.[1]

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

1. Petitioner conceded the noncognizability of Ground Two in his Traverse and does not challenge the Magistrate Judge's conclusion on this point. *See* Doc. 12, at 2; Doc. 17, at 4.

is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed an Objection to the R&R. (Doc. 15). Below, as dictated by the Standard of Review set forth above, the Court addresses Petitioner's *specific* objections in the order presented by the R&R and Petitioner.[2]

### Ground Three

In Ground Three, Petitioner challenges the knowing, intelligent, and voluntary nature of his guilty plea. *See* Doc. 3, at 9. The Magistrate Judge recommends this claim be denied on the merits as Petitioner has failed to show the state appellate court decision addressing it was contrary to or an unreasonable application of federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* Doc. 14, at 15-24; 28 U.S.C. § 2254(d).

*Unreasonable Application of Law*

In his objections to the Magistrate Judge's analysis, Petitioner first argues the Magistrate Judge incorrectly determined the cases Petitioner cited to argue the state court decision was an unreasonable application of federal law – *Leyra v. Denno*, 347 U.S. 556 (1954) and *Haynes v. Washington*, 373 U.S. 503 (1963) – were inapplicable. (Doc. 17, at 10). Upon *de novo* review, however, the Court agrees with the R&R's analysis that these cases are inapposite because they relate to confessions used against criminal defendants at trial, not to the constitutional validity of

2. Some of Petitioner's objections do not specifically point to error in the Magistrate Judge's analysis, but instead repeat almost *verbatim* arguments previously made. *Compare*, e.g., Doc. 17, at 9, *with* Doc. 12, at 9.

a guilty plea. *See* Doc. 14, at 17-18. Although Petitioner attempts to analogize between the standard for coerced confessions and that for guilty pleas, this is insufficient to demonstrate a decision contrary to clearly established law. "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [the Supreme] Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S. 415, 426 (2014). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *Id.* (quoting *Yarborough v. Alvardo*, 541 U.S. 652, 666 (2004)). "AEDPA's carefully constructed framework 'would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.'" *Id.* (quoting *Yarborough*, 541 U.S. at 666).

Next, Petitioner objects to the Magistrate Judge's application of *Brady v. United States*, 397 U.S. 742 (1970). Although the objection is somewhat unclear, Petitioner argues the R&R "cherry picks portions of *Brady* to highlight which have absolutely no bearing on the instant case" and contends that "when accurately applied, *Brady* demonstrates that Acosta's plea was not applied appropriately by the state appellate court." (Doc. 17, at 11-12). He then sets forth the standard for voluntariness of a guilty plea from *Brady* and contends "it is clear that Acosta's plea was not voluntarily entered." *Id.* at 12. But Petitioner simply repeats the arguments he presented in his Traverse, points to no argument the Magistrate Judge did not consider, and identifies no specific error in the R&R's analysis beyond his conclusory assertion to the contrary. *See* Doc. 17, at 12; Doc. 12, at 7-8. Moreover, on *de novo* review, the Court finds Petitioner has not identified any error in the R&R's thorough analysis of whether the state appellate court decision regarding the knowing, intelligent, and voluntary nature of Petitioner's plea was contrary to, or an

unreasonable application of, federal law. The Court agrees with the R&R's conclusion that it was not. *See* Doc. 17, at 15-20.

*Unreasonable Interpretation of Facts*

Petitioner additionally objects to the R&R's conclusion that the state appellate court decision was not based on an unreasonable determination of the facts. *See* Doc. 17, at 12-15. The Magistrate Judge found the § 2254(d)(2) standard not met. (Doc. 14, at 20-24). She highlighted that the state appellate court's opinion contradicted Petitioner's claims that it did not consider the evidence from the 2021 evidentiary hearing and noted Petitioner "failed to identify *what testimony* from the 2021 hearing shows he did not understand the elements of prior calculation and design." *Id.* at 21 (emphasis added). Petitioner's objections fare no better in this regard as he continues to present arguments with little to no citation to the factual record. *See* Doc. 17, at 12-15. On *de novo* review, the Court again agrees with the Magistrate Judge's comprehensive analysis of Petitioner's arguments as they were presented, as well as the R&R's ultimate conclusion that the state appellate court did not base its decision on an unreasonable determination of the facts presented.

Accordingly, Petitioner's objections to the R&R's conclusions regarding Ground Three are overruled.

<u>Ground One</u>

In Ground One, Petitioner argues "[a] guilty plea does not preclude a claim of diminished culpability or newly discovered evidence" and contends the state appellate court erred in reversing the trial court order granting his motion to withdraw his guilty plea. (Doc. 3, at 6). As the R&R points out, although the language of Ground One "challenges the state court's alleged errors in deciding the appeal on [Petitioner's] Motion to Withdraw, [Petitioner] argues in his Traverse that those errors amounted to a failure to view his guilty plea in light of all the circumstances as required

by the Supreme Court." (Doc. 14, at 25) (internal quotation omitted). But "[b]ecause Ground One challenges alleged errors in a state post-conviction proceeding, including errors of state law" the R&R found the claim not cognizable. *Id.*

Petitioner challenges the R&R's noncognizability determination and argues the plea was involuntary (again citing *Haynes*, *Leyra*, and *Brady*). (Doc. 17, at 15-17). Upon *de novo* review, the Court agrees with the Magistrate Judge's evaluation that "Ground One, as framed in this case challenges, the result of a post-conviction proceeding, not the fact of Petitioner's custody itself." (Doc. 14, at 27); *see* Doc. 3, at 6 (description of Ground One in Amended Petition). As such, it is not a cognizable habeas claim. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("Claims challenging state collateral post-conviction proceedings cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254, because the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.") (citation modified).

Petitioner further argues he "has indicated, repeatedly through his testimony, his pleadings, his briefing, and the instant objections, that the errors exist because [Petitioner] did not enter a knowing, voluntary or intelligent waiver of United States Constitutional rights." (Doc. 17, at 16-17). However, the R&R correctly noted that even assuming *arguendo* the allegations in Ground One could be interpreted to challenge the validity of Petitioner's guilty plea, denial on the merits would be appropriate for the same reasons set forth as to Ground Three. *See* Doc. 15. at 26 n.5.

This Court agrees. Petitioner's objections to the R&R's conclusion regarding Ground One are overruled.

Ground Four

In Ground Four, Petitioner asserts "[t]he trial court did not abuse its discretion by looking outside the plea proceeding when granting Mr. Acosta's motion to withdraw his plea." (Doc. 3, at 11). The R&R recognized that Petitioner argued actual innocence to overcome the procedural default of this ground and then "[i]n the interests of judicial economy . . . consider[ed] the merits of" the claim. (Doc. 14, at 29). The Magistrate Judge then explained Petitioner (1) waived any substantive argument as to the merits of Ground Four by failing to develop any such argument; and (2) even if an argument was developed, any claim that the trial court abused its discretion in the post-conviction proceeding is noncognizable. (Doc. 14, at 29-30).

Petitioner argues this was error. *See* Doc. 17, at 17-18. But Petitioner misunderstands either the habeas standard, the R&R's analysis, or both. Petitioner argues "[a] fundamental miscarriage of justice occurred in this case, and that fundamental miscarriage of justice, exemplified by the misapplication of the abuse of discretion standard, renders this matter ripe for federal review." (Doc. 17, at 17); *see also id.* at 18 ("Accordingly, [Petitioner] has met the *Schlup* [actual innocence] standard. As such, the writ should be granted as to Ground Four."). Petitioner's conclusion is not correct. A claim of actual innocence is not a freestanding claim for habeas relief. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995); *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) ("In the wake of *Schlup*, we have repeatedly indicated that such claims are not cognizable on habeas."). Instead, it is a "gateway through which [a habeas petitioner] must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The R&R here skipped directly to the merits analysis. *See* Doc. 14, at 29 ("In the interests of judicial economy, the undersigned will instead consider the merits of Ground Four."). Stated another way, the R&R assumed *arguendo* Petitioner could pass through the gateway to have his otherwise defaulted claim reviewed. And although Petitioner argues in his Objection that he "waives no grounds for relief" (Doc. 17, at 17), he does not explain how the R&R's conclusion that the argument presented by Ground Four was inadequately developed or, in any event, non-cognizable, is incorrect. That is, even if Petitioner's actual innocence argument permitted him to avoid a procedural default, he has not excused his failure to adequately develop the merits analysis underlying Ground Four before this Court or explained how that ground presents a claim cognizable on federal habeas review.

Accordingly, Petitioner's objections to the R&R's resolution of Ground Four are overruled.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Knapp's R&R (Doc. 14) be, and the same hereby is, ADOPTED as the Order of this Court and the Amended Petition (Doc. 3) is DENIED and DISMISSED as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2026